IN THE MATTER OF THE ESTATE OF C. FRANKLIN WOLF, DECEASED.
IN THE MATTER OF THE ESTATE OF CLARENCE R. WOLF, DECEASED.

Superior Court of New Jersey
Chancery Division

Decided November 30, 1966.

*Mr. Robert K. Bell* for plaintiffs.

*Mr. Charles E. Gant,* guardian *ad litem* for defendants Alice Kay Wolf and Margaret Mary Wolf (*Messrs. Gant and Miller,* attorneys).

*Mr. Santo J. Salvo* for defendant, Ramon Bryant Printz.

WICK, J. S. C. The present two actions are founded on complaints for advice and construction by the plaintiffs, the executors and trustees of the estates of C. Franklin Wolf and Clarence R. Wolf, deceased. This court has combined the two actions as they involve essentially the same facts and issue of law.

The said decedents each executed separate wills in September 1964, and C. Franklin Wolf also executed a deed of trust on the same day he executed his will.

Without going into the intricacies of these various instruments, the end result was that upon the death of Clarence R. Wolf his estate was to be divided into five equal parts, one going to his wife, the other four to each of his four children, respectively. In the event that any of Clarence R. Wolf's children should predecease him, that child's share would pass to his children *per stirpes*.

C. Franklin Wolf was the son of Clarence R. Wolf and did in fact predecease him by five days, survived by two daughters by his second marriage. However, C. Franklin Wolf also had one son by his first marriage to Helen S. Wolf Printz, which was terminated by divorce in 1946.

Helen S. Wolf Printz subsequently married Samuel E. Printz, in 1949, and the latter adopted the son of Helen Printz by her first marriage, Ray Franklin Wolf, and changed his name to Ramon Bryant Printz.

It should be noted at this juncture that, pursuant to the agreement of counsel, a stipulation was read into the record to the effect that Clarence R. Wolf paid certain sums of money to Ramon Bryant Printz in 1963, 1964 and part of 1965 to enable him to attend school in California.

Turning to the will and deed of trust executed by C. Franklin Wolf, the net effect of these instruments was to create a trust from the residue of decedent's estate, the income from which was to be paid to her children. Coupled with this right was a power on the part of the children to invade the *corpus* of the trust for specified amounts at specified ages and a power of appointment over the remainder.

██ The sole issue is the effect of the adoption of Ramon Bryant Printz upon his legal status as an heir of Clarence R. Wolf and C. Franklin Wolf. To resolve this issue we must turn to the adoption statutes of New Jersey, and in particular to *N. J. S. A.* 9 :3–30 wherein it states :

"A. The entry of a judgment of adoption shall terminate all relationships between the child and his parents, and shall terminate all rights, duties, and obligations of any person which are founded upon such relationships, *including rights of inheritance under the intestate laws of this State:* \* \* \*." (Emphasis added)

The section also contains a *proviso* clause which this court feels has no bearing on the case but which we feel should be treated because counsel for Ramon Bryant Printz has relied thereon. It provides :

"\* \* \* that when the adopting parent is a stepfather or stepmother, and the adoption is consummated with the consent and approval of the *mother or father, respectively,* such adoption shall not affect or terminate any relationships between the child and *such mother or father.*" (Emphasis added)

This court finds it impossible to give to this statute the broad meaning which counsel assigns to it. In light of the language employed it seems quite clear the Legislature never intended to have this statute embrace the natural parent who is not a party to the second marriage. The word "respectively" implies that if the adopting party is a stepfather and the natural mother approves, the relationship between mother and child is unchanged. The fact that the natural father also approves is of no consequence; otherwise the statute should read, "with the consent and approval of the mother and, or father" and eliminate the word "respectively."

This same statute was before the federal court in 1958, *La Bove v. Metropolitan Life Insurance Company,* 264 *F. 2d* 233 (3 *Cir.*—1959). The court in that case reached the same result as does this court today in interpreting *N. J. S. A.* 9 :3–30. The court there held that where a child is adopted by a stepparent pursuant to the marriage of the latter to one

of the child's natural parents, the child is not entitled to share in the monies due to the other natural parent under the Federal Employees' Group Life Insurance Act.

Counsel for Ramon Bryant Printz seeks to distinguish this case on the grounds that it involved an intestacy situation, whereas here a will is involved. Such a distinction is wholly without merit. The *La Bove* case turned solely on an interpretation of *N. J. S. A.* 9 :3–30, the same statute with which this court is confronted. As a result we feel that the *La Bove* case is dispositive of the present suit. The facts in that case practically parallel those of the case at bar—a first marriage produces one child but ends in divorce. The wife in that case also remarried and the stepfather adopted the child with the consent of both natural parents.

Counsel for Printz then points to the recent amendment of *N. J. S. A.* 9 :3–30, *R. S. Cum. Supp.* 9 :3–30 (*Senate Bill* 181) which added to the proviso clause quoted above the words "nor the rights of inheritance under the intestate laws of this state through the other parent." This amendment became effective as of July 21, 1966, more than two months after the deaths of Clarence R. Wolf and C. Franklin Wolf.

█ Counsel raises two points in respect to this amendment: first, it clearly evinces the intent of the Legislature under the previous amendment in 1953, and second, it should be applied retrospectively in the interests of justice. This court feels that both of these contentions are incorrect in light of the decision in *In re Holibaugh,* 18 *N. J.* 229 (1955), that intestate succession is covered by the statute in force at the time of the testator's death.

To accept either point raised by counsel for Ramon Bryant Printz would be to negate the obvious intent of both testators, for when an individual executes a will it is reasonable to assume that he does so in light of the law which exists at the time of execution. In 1964 the law was quite clear as to the status of a child adopted by a third party; his right of inheritance from the natural parent was terminated and he could only inherit by a specific bequest.

It is also reasonable to presume, especially since an attorney aided in execution, that the testator would keep or be kept abreast of any changes in the law affecting the executed instrument lest his intent be frustrated for failure to make necessary changes. Up to the time of the death of Clarence R. Wolf on May 7, 1966 and of C. Franklin Wolf on May 2, 1966 no such change in the law as it existed in 1964 had occurred which would necessitate a revision of the wills or trust instrument.

To apply the amendment of July 21, 1966 to *N. J. S. A.* 9:3–30 retrospectively, or to treat it as the proof of what the Legislature intended in 1953 in spite of the holding in the *La Bove* case, would be to work violence on the obvious intent of the two decedents. This is certainly not in the interests of justice as counsel for Printz argues.

Defendant also relies on the fact that Clarence R. Wolf contributed to his college expenses in 1963, 1964 and part of 1965, as proof of his intent. However, decedent was constantly making similar gifts to young students in the name of a deceased son and a deceased daughter, nor were these gifts limited to relatives. The gifts to defendant at best evidence a general interest on the part of Clarence R. Wolf in the education of young men and women. They can in no wise be taken as proof of the testator's intent to include defendant under the provisions of his will.

As to the deed of trust of C. Franklin Wolf, defendant points to section 3, paragraph (c), subsection (1), and in particular to the use of the pronouns "his or her" contained therein, and argues that the settlor must have intended to include defendant since his only other children were two daughters. The court cannot agree. Rather, it would appear that the words were used in lieu of "child" to avoid redundancy, and that both pronouns were inserted as a precautionary measure. This is a normal procedure in the drafting of wills and of trusts where the beneficiaries are members of a class which is not to be determined until the death of the settlor. Such instruments are by their nature ambulatory and

subject to changing circumstances. That the settlor would subsequently become the father of a son is not inconceivable, and a properly drawn deed of trust should cover this possibility. In the instant case it did, and to infer any more from the use of the words "his or her" would be unreasonable.

In light of the above this court finds that defendant Ramon Bryant Printz is not entitled to share under the will of Clarence R. Wolf, his natural grandfather, nor under the deed of trust of C. Franklin Wolf, his natural father, and that to allow him to share would violate the intent of decedents and be contrary to the law as it stood at the time of their respective deaths.

Judgments will be entered accordingly.